MIGUEL A. COLON TORRES
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 16-2953CCC
(Related Cr. 13-0534-65CCC)

## OPINION AND ORDER

Before the Court is petitioner Miguel A. Colón Torres' Motion to Vacate, Correct, or Set Aside Sentence Under 18 U.S.C. § 2255 (**d.e. 1**) filed November 9, 2016; the United States' Response in Opposition (d.e. 6) filed March 21, 2017; and petitioner's Reply (d.e. 7) filed April 6, 2017.

### Amendment 794 Claim

Petitioner argues that he is entitled to a sentence reduction pursuant to Amendment 794 to the United States Sentencing Guidelines, which clarified the application of the minor role adjustment and came into effect after petitioner's sentence became final. Under 18 U.S.C. § 2255(a), a petitioner may move for relief on a claim that is not constitutional or jurisdictional in nature "only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' . . . The error must 'present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' Knight v. United States, 37 F.3d 769, 772

(1st Cir. 1994) (internal citations omitted).  The First Circuit has held that misapplication of the sentencing guidelines, without exceptional circumstances, does not rise to the level of miscarriage of justice.  Knight, 37 F.3d at 773-774. As petitioner Miguel A. Colón Torres alleges that the Court improperly failed to apply a minor role reduction without making a showing of exceptional circumstances, his Amendment 794 claim is not cognizable and must be denied.

Even if the Court considers defendant's motion a request for a sentence reduction under 18 U.S.C. § 3582(c)(2) rather than a § 2255 motion, it must still fail.  Sentence reduction is only available for amendments that are listed at U.S.S.G. § 1B1.10(c); Amendment 794 is not listed.  See id. § 1B1.10(a) ("If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . is not authorized.");  United States v. Lopez-Pineda, 55 F.3d 693, 697 n. 3 (1st Cir. 1995) (guideline amendment not listed in U.S.S.G. § 1B1.10(c) may not be applied retroactively).

### Ineffective Assistance of Counsel Claim

Petitioner argues that his counsel provided ineffective assistance by failing to delay his sentencing hearing until November 1, 2015, when Amendment 794 came into effect.  To prevail on an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), a "(1) petitioner must show that counsel's representation fell below an objective

standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996). In the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The failure of petitioner's counsel to delay sentencing until Amendment 794 was implemented did not fall below an objective standard of reasonableness. In fact, it appears that counsel could not have been aware of Amendment 794 at the time of sentencing: the Sentencing Commission first published Amendment 794 on May 5, 2015, see 80 Fed. Reg. 25, 782 (May 15, 2015), seven months after petitioner's sentencing hearing. Further, petitioner does not argue that he would have gone to trial but for counsel's failure to delay sentencing. As petitioner's claim fails the Strickland test, his ineffective assistance of counsel claim must be denied.

## Conclusion

For the foregoing reasons, petitioner Miguel A. Colón Torres' Motion to Vacate, Correct, or Set Aside Sentence Under 18 U.S.C. § 2255 (**d.e. 1**) is DENIED. Judgment shall enter by separate order.

## CERTIFICATE OF APPEALABILITY

The Court hereby ORDERS that no certificate of appealability shall be issued as petitioner failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

SO ORDERED.

In San Juan, Puerto Rico this 25th day of February, 2020.

S/GUSTAVO A. GELPÍ
Chief United States District Judge